12-1789-cr
United States v. Kuruzovich

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:  PETER W. HALL,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JANE A. RESTANI,
                    *District Judge*.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                    No. 12-1789-cr

PAUL KURUZOVICH,

    *Defendant-Appellant.*

---

* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

------------------------------------------------------------------

APPEARING FOR APPELLANT: DANIEL NOOTER (Thomas H. Nooter, *on the brief*), Freeman, Nooter & Ginsberg, New York, New York.

APPEARING FOR APPELLEE: MICHAEL BOSWORTH (Andrew L. Fish, Michael A. Levy *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the restitution order of the district court is **ABATED**, but the judgment is affirmed in all other respects.

Defendant-Appellant Paul Kuruzovich ("Kuruzovich") was charged in an information with blackmail in violation of 18 U.S.C. § 873. During trial, Kuruzovich pled guilty to the information, which alleged that he wrote emails to his former employer, Guidepoint Global LLC ("Guidepoint"), threatening that he would inform law enforcement authorities that Guidepoint had engaged in insider trading unless he received commissions, benefits, and severance payments he believed he was owed. At Kuruzovich's sentencing on January 9, 2012, the district court, Chin, *J.*, imposed a sentence of incarceration of one year, a supervised release term of one year, and a mandatory special assessment of twenty-five dollars, but withheld entry of judgment pending a final determination of restitution. On April 13, 2012, the district court Chin, *J.*, ordered Kuruzovich to pay $59,652.85 in restitution to Guidepoint under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, for legal expenses Guidepoint

2

incurred assisting the government in investigating and prosecuting Kuruzovich. A written judgment was filed on April 18, 2012, including the restitution award. Kuruzovich appealed only the restitution portion of the judgment, challenging the district court's conclusion that restitution was mandatory as well as the amount ordered.

During the pendency of this appeal, but after completing his term of imprisonment, Kuruzovich died. This Court directed the parties to brief whether Kuruzovich's death abated the district court's restitution order. In that briefing, neither party challenged the dismissal of the present appeal under the unique circumstances of this case; both parties supported vacating or abating the restitution order. Additionally, Kuruzovich's prior employer, Guidepost, no longer seeks compensation from Kuruzovich or his estate for Guidepost's losses through the restitution order.

We therefore decline to decide the broader question of whether a defendant's death may abate a restitution order. We came to a similar conclusion in *United States v. Wright*, in which we held that, given that the deceased defendant's restitution payments were not due until he completed his period of incarceration and he died during his incarceration, the time to commence making payments could never arrive so the restitution order was futile and thus was abated. 160 F.3d 905, 909 (2d Cir. 1998). Here, although the restitution payments are now due, the appellant has died and his estate apparently has no assets with which to satisfy the restitution order. Additionally, Guidepost has indicated that it no longer seeks to benefit from the restitution order. Finally, both parties, through their supplemental briefs, consented to vacating or abating the restitution order. Thus, in light of the positions of the parties and victim, we hold

3

that the restitution order is abated, but that the judgment of conviction is affirmed in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court